IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAUREEN L LINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-1586 |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 17). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 18). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.13) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on March 15, 2017. (ECF No. 7-3). Plaintiff was represented at the hearing. *Id.* On August 14, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 13-24).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 13 and 17). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Duty to Develop

Plaintiff first argues that the ALJ failed to adequately develop the record by not ordering a mental health consultative evaluation. (ECF No. 14, pp. 7-11). I disagree. The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §§404.1512(a-c), 416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R.

3

§§404.1512(d), 416.912(d). Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here.

In this case, Plaintiff's counsel specifically requested the ALJ order a mental health examination. The ALJ took her request under advisement. In his decision, the ALJ denied the request.

> At the hearing, the claimant's representative requested that a psychological consultative examination be obtained. I deny this request for several reasons. One of the claimant's treatment providers, Seema Guglani, M.D., provided a medical source statement in which she gave a functional assessment regarding the claimant's physical and mental diagnoses and all areas of functioning (Exhibit 14F). In addition, the claimant's treatment records as a whole contain few complaints regarding the claimant's mental health. The claimant also testified she had never asked for a referral to any mental health specialist. It is further noted that the State agency psychological consultant, Timothy Ostrich, Psy.D., indicated that the claimant had failed to attend two scheduled consultative examinations, which had been scheduled at the State agency level (Exhibit 1A, p. 5-6).

(ECF No. 7-2, p. 13). Plaintiff suggests there are errors in the ALJ's rationale. (ECF No. 14, pp. 8-11).

First, Plaintiff contends that the medical source statement only gives a physical capacity evaluation and does not give an assessment regarding Plaintiff's limitations regarding her mental health as the ALJ states. *Id.,* p. 8. After a review of the same, I agree that Dr. Guglani's report is titled "physical capacity evaluation" and does not inquire as to mental limitations. (ECF No. 7-18, pp. 44-46). This, alone, however, does not warrant remand as the ALJ gave various reasons for denying Plaintiffs request.

Plaintiff also takes issue with the ALJ's statement that her treatment records, as a whole, contain few complaints regarding her mental health. (ECF No. 14, pp. 8-9). In support of the same, Plaintiff cites to only a total of 10 pages where depression and/or anxiety is referenced. Based on the same, I find the ALJ's conclusion that her treatment records, as a whole, contain

4

few complaints regarding her mental health is accurate and supported by substantial evidence.

Next, Plaintiff takes issue with the ALJ's statement that she testified that she never asked for a referral to a mental health specialist. (ECF No. 14, pp. 8-9). After a review of the record, I find there is substantial evidence of record to support this rationale by the ALJ. (ECF No. 7-3, pp. 29-31). Specifically, the ALJ asked Plaintiff if she asked her primary care doctors for help with depression and anxiety by asking if they could send her to a therapist, psychiatrist or anyone and Plaintiff responded, "No." (ECF No. 7-3, p. 31). Thus, I find no merit with this suggestion.

Finally, Plaintiff takes issue with the ALJ's assertion that she failed to attend two scheduled consultative examinations. (ECF No. 14, pp. 10-11). Plaintiff's counsel suggests that Plaintiff may have missed the appointments because of transportation issues. (ECF No. 14, pp. 10-11). There is no evidence of this in the record. She also suggests that a consultative examination is needed since the state agency psychological consultant ordered one on two different occasions. *Id.* There is no doubt that two consultative mental examinations were ordered for Plaintiff and she failed to appear for both scheduled appointments. (ECF No. 7-4, pp. 6-7). To that end, an ALJ may find a claimant not disabled if a claimant does "not have a good reason for failing or refusing to take part in a consultative examination or test which" is arranged for the claimant to get information needed to determine the claim. 20 C.F.R. §416.918(a). After a review of the record, I find no error on the part of the ALJ in citing to Plaintiff's failure to attend two scheduled consultative examinations as one of the reasons for denying the request at the hearing for the ALJ to order a consultative examination.

Based on my review of the record, I find there was sufficient evidence of record for the ALJ to make a determination of disability as to Plaintiff's mental limitations. Therefore, I find the ALJ did not have a duty to develop the record further. Additionally, I find there is sufficient evidence such that I am able to make a proper determination. Upon review, I find that there is

substantial evidence to support the ALJ's decision.  *Id.*   Consequently, remand on this basis is not warranted.

      **C.**     **Weighing of Treating Physician's Opinion**

Plaintiff next argues that the ALJ erred by improperly disregarding the medical opinions of Plaintiff's treating physicians.  (ECF No. 14, pp. 12-16).  The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §

416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff argues that the ALJ improperly rejected the opinions of Dr. Sowers and Dr. Guglani. (ECF No. 14, pp. 12-16). With regard to Dr. Sowers, Plaintiff does not give any further argument as to why she believes the ALJ improperly rejected the opinion. *Id.* Dr. Sowers completed an Employability Assessment Form used by the PA Department of Public Welfare for Plaintiff. Without more, Dr. Sowers checked a box indicating his opinion that Plaintiff was "temporarily disabled – less than 12 months" indicating a date range for disability and depression NOS being the reason. (ECF No. 7-17, p. 38). To be clear, the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ. 20 C.F.R. § 404.1527, 416.927. Thus, the ALJ was not required to give this opinion any weight or special significance. Nonetheless, the ALJ considered the same and gave it little weight. (ECF No. 7-2, p. 22). The ALJ cited several reasons for his opinion: 1) it was inconsistent with mental health evidence of

7

record; 2) Dr. Sowers did not indicate the significance of the time period he suggested for a decision of temporary disability; and 3) Dr. Sowers did not indicate what limitations make Plaintiff temporarily disabled.  *Id.*  I find this decision to be based on substantial evidence.  *Id.* at pp. 13-24).  Therefore, I find no error in this regard.

With regard to Dr. Guglani, Plaintiff submits that there is evidence to support her opinion regarding Plaintiff's limitations as it relates to Plaintiff's low back pain.  *Id.* at pp. 14-16.  To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is misplaced.  Nonetheless, I have reviewed the ALJ's determination to give Dr. Guglani's opinion little weight and find it is supported by substantial evidence.  (ECF No. 7-2, pp. 13-24).  Therefore, remand is not warranted on this basis.

### D.   **Residual Functional Capacity ("RFC")** [2]

Plaintiff also argues that the ALJ improperly determined her RFC.  (ECF No. 14, pp. 16-18).  To that end, Plaintiff specifically argues that there is substantial evidence to support her

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

8

position that she is not able to perform the work set forth in the ALJ's RFC finding.  *Id.*  Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Thus, the support for Plaintiff's argument in this regard is misplaced.

Plaintiff next seems to suggest that the ALJ's RFC is not supported by substantial evidence because it is not based on the opinion of a physician.  (ECF No. 14, p. 17).  I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant."  *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).  However, it is not a requirement.  *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015).  An ALJ is charged with formulating the RFC based on **all** of the relevant evidence including, all medical evidence or otherwise. 20 C.F.R. § 416.945(a).   In this case, the ALJ formulated Plaintiff's RFC based on various evidence of record, including medical and non-medical evidence of record including Plaintiff's course of treatment, failure to cooperate,[3] and activities of daily living.  After a review of the evidence, I find I am able to make a proper and meaningful review and there is substantial evidence of record that the ALJ's RFC generously accounted for the limitations established by the evidence of record. (ECF No. 7-2, pp. 13-24).  Thus, I find the ALJ did not error in formulating Plaintiff's physical RFC.  Therefore, remand is not warranted in this case on this argument.

---

[3] An ALJ may find a claimant not disabled if a claimant does "not have a good reason for failing or refusing to take part in a consultative examination or test which" the ALJ arranges for the claimant to get information needed to determine the claim.   20 C.F.R. §416.918(a).

Finally, Plaintiff asserts various factual errors on the part of the ALJ such that remand is warranted. (ECF No. 14, pp. 17-18). I have reviewed all of the alleged errors and find that none warrants remand.

### E.   Subjective Complaints of Pain

Plaintiff argues in this section that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to her subjective complaints of pain. (ECF No. 14, p. 19). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff's entire argument in this regard is one sentence that states "the overwhelming evidence supports the conclusion that Plaintiff has had severe pain and that the complaints by

10

Plaintiff were entitled to great weight." (ECF No. 14, p. 19). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Consequently, remand is not warranted on this basis.

### F. Vocational Expert

Finally, Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 14, pp. 19-20). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 13-24 No. 7-3, pp. 56-62). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAUREEN L LINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 18-1586 |
| | ) |
| ANDREW M. SAUL,[4] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 28th day of February, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.